# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11179

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MONTOYA JORDAN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-117-6

Before REAVLEY, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

The judgment of the district court is affirmed for the following reason.

The term of supervised release was revoked as provided by law. Jordan claims the court lost jurisdiction to do so because the term had expired before the warrant was issued. The statute, 18 U.S.C. § 3583(i), states that the power of the court extends for any period necessary for adjudication if "before its expiration, a warrant or summons has issued." This warrant was issued on October 2, and the supervised release term ended the following day. Jordan

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11179

complains that the clerk signed the warrant and not the judge.  The clerk did sign it at the direction of the judge.  Nothing more was required. The warrant was issued as the statute required.

AFFIRMED.